NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-565

MOHAMMED MAZHAR MOHIUDDIN

vs.

GODADDY.COM, LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Mohammed Mazhar Mohiuddin, appeals from a judgment of the Superior Court dismissing his amended complaint for failure to state a claim, Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  Agreeing with the motion judge that the plaintiff's bare-bones complaint does not allege any unfair or deceptive acts in Massachusetts, we affirm.

"We review the allowance of a motion to dismiss de novo." Cubberley v. Commerce Ins. Co., 495 Mass. 289, 292 (2025), quoting Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).  "In doing so, we accept 'as true all well-pleaded facts alleged in the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, and determining whether the

allegations plausibly suggest that the plaintiff is entitled to relief.'"  Vita v. New England Baptist Hosp., 494 Mass. 824, 832 (2024), quoting Marsh v. Massachusetts Coastal R.R., 492 Mass. 641, 645-646 (2023), cert. denied, 144 S. Ct. 2519 (2024).  "To survive a motion to dismiss, the 'factual allegations must be enough to raise a right to relief above the speculative level."  Fairhaven Hous. Auth. v. Commonwealth, 493 Mass. 27, 30 (2023), quoting Osborne-Trussell v. Children's Hosp. Corp., 488 Mass. 248, 253 (2021).

Whether alleged conduct "rises to the level of a chapter 93A violation is a question of law."  H1 Lincoln, Inc. v. South Washington St., LLC, 489 Mass. 1, 14 (2022), quoting Baker v. Goldman, Sachs & Co., 771 F.3d 37, 49 (1st Cir. 2014).  In making this determination, "[c]ourts must consider whether the nature, purpose, and effect of the challenged conduct is coercive or extortionate."  Beverly v. Bass River Golf Mgt., Inc., 92 Mass. App. Ct. 595, 606 (2018), quoting Diamond Crystal Brands, Inc. v. Backleaf, LLC, 60 Mass. App. Ct. 502, 507 (2004).  A breach of contract alone will not support a c. 93A violation.  See Boston Capital Funding, LLC v. BEK Winchester Winning Farm LLC, 103 Mass. App. Ct. 573, 579 (2023).  An action under G. L. c. 93A, § 11 cannot be maintained unless "the unfair or deceptive act or practice occurred primarily and

2

substantially within the commonwealth."  G. L. c. 93A, § 11, eight par.  "The proper focus . . . is on where the wrongful conduct occurred."  FTI, LLC v. Duffy, 104 Mass. App. Ct. 484, 489 (2024).

Here, rather than file an ordinary civil complaint with numbered paragraphs providing all relevant facts, the plaintiff chose twice simply to file a letter complaint.  The fact section of that amended complaint letter consists of four paragraphs that do not mention Massachusetts even once.  The plaintiff alleges that he paid for twelve months of web hosting services in December 2021, that the defendant told him in February 2022 that all of his hosting data had been deleted, the defendant did not respond to a communication from the plaintiff that month, and that a conversation with the corporate office "yielded no satisfactory resolution."  Nothing in that meager statement of facts reveals any conduct that is unfair or deceptive, much less that is "coercive or extortionate."  Bass River Gold Mgt., Inc., 92 Mass. App. Ct. at 606, quoting Diamond Crystal Brands, Inc., 60 Mass. App. Ct. at 507.  Nor, where the complaint alleges that the defendant's offices are in Arizona, is there any indication that the defendant did anything of significance in Massachusetts.  See FTI, LLC, 104 Mass. App. Ct. at 489-490.

The plaintiff further objects to the dismissal being with prejudice. Although leave to file an amended complaint is granted liberally, Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974); Tocci v. Tocci, 490 Mass. 1, 24 (2022), the plaintiff did not request leave to do so from the motion judge and does not request such leave from us either. More to the point, the plaintiff has not proposed any legally-adequate further amended complaint or explained -- either to us or to the motion judge -- how he could remedy the deficiencies of his amended complaint. See Padmanabhan v. Cambridge, 99 Mass. App. Ct. 332, 343 (2021), quoting Johnston v. Box, 453 Mass. 569, 582 (2009) ("Even though motions to amend are to be liberally allowed, a motion must at least 'adequately describe the contemplated amendment in order for [the] court to determine the merits of the motion'"). Accordingly, we discern no abuse of discretion in the motion judge's decision to dismiss the plaintiff's lawsuit with

prejudice.  See <u>Ward</u> v. <u>Schnurr</u>, 103 Mass. App. Ct. 308, 317 (2023).

<u>Judgment affirmed</u>.

By the Court (Ditkoff, Hand & Walsh, JJ.[1]),

*Paul Little*

Clerk

Entered:  March 5, 2025.

---

[1] The panelists are listed in order of seniority.